UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 09-08-HRW

SHARON ELAINE DOTSON,                                              PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on January 23, 2006, alleging disability beginning on May 14, 2005, due to lower back problems, shoulder and neck pain, neck stiffness, numbness in left hip and left leg, left foot problems, severe headaches, pressure behind the eyes, dizziness, nausea and weakness in the right arm (Tr. 55-56).

This application was denied initially and on reconsideration.

On November 19, 2007, an administrative hearing was conducted by Administrative Law Judge David B. Daugherty (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 11, 2007, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 43 years old at the time of the hearing decision. She has a twelfth grade education and past work experience as a furniture sales associate, cashier, service desk operator and loader.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 17).

The ALJ then determined, at Step 2, that Plaintiff suffered from dorsolumbar and sacroiliac strain, which he found to be "severe" within the meaning of the Regulations (Tr. 17-19).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19). In doing so, the ALJ specifically considered listings 1.00 and 1.02 (Tr. 19).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 21) but determined that she has the residual functional capacity ("RFC") to perform sedentary work with certain limitations as set forth in the hearing decision (Tr. 19-21).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22-23).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 20, 2008 (Tr. 5-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 9] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred by finding that her problems with her right and left feet, anxiety and poor sleep were not severe impairments; (2) the ALJ failed to consider her impairments in combination; and (3) the ALJ did not properly evaluate her subjective complaints.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ erred by finding that her problems with her right and left feet, anxiety and poor sleep were not severe impairments.

The "severity" of an impairment turns upon whether it significantly limits

5

one's ability to do basic work activity.  20 C.F.R. § 416.921.  It is the burden of the claimant to prove the severity of his impairments.  *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986).

With regard to Plaintiff's right foot, in July 2007, Dr. Robert Miller performed a right lapidus fusion and modified McBride bunionectomy (Tr. 253-258).  Dr. Miller's treatment notes reveal that Plaintiff progressed well following the surgery, achieving full-weight bearing status in November of 2007(Tr. 260).  Dr. Miller reported that Plaintiff appeared to be doing well (Tr. 259).  Indeed, she told Dr. Miller that she experienced only mild pain every now and then (Tr. 259).  These findings are not indicative of a severe impairment.

As for any problems with her left foot, the record shows that they predate Plaintiff's alleged onset date; as such, they are outside the scope of the subject decision.

Plaintiff also contends that her anxiety and sleep problems should have been deemed "severe" by the ALJ.  However, the record reveals only minimal as well as conservative treatment in this regard without any counseling, therapy or other treatment from a psychiatrist or psychologist.  The lack of treatment supports the ALJ's finding that Plaintiff's mental impairments are not "severe."

Plaintiff's second claim of error is that the ALJ failed to consider her impairments in combination.

The Court having reviewed the decision as well as the record finds that the ALJ did consider Plaintiff's impairments as a whole in rendering his findings.

Notably, Plaintiff has not specified or explained in what way the ALJ did not consider the combined effect of her impairments; nor has she offered any evidence that her condition results in limitations beyond those set forth in the RFC.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (internal citations omitted).

Finally, Plaintiff contends that the ALJ did not properly evaluate her subjective complaints.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference."  *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).  In this case, the ALJ found that although Plaintiff's medically determinable impairments could

reasonably be expected to produce certain symptoms, her statements as to the intensity, persistence and limiting effects of those symptoms were "not entirely credible." (Tr. 21). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. For example, although Plaintiff complained of severe back pain, the record shows minimal, conservative treatment in this regard. Further in September 2007, Plaintiff's treating physician noted that she had no complaints of pain and was "doing quite well." (Tr. 265-266). Moreover, whatever restrictions were suggested by Plaintiff's treating sources with regard to lifting, bending, twisting and prolonged standing and walking were incorporated into the RFC.

Further, despite complaints of disabling anxiety and depression, Plaintiff has not been referred to or received counseling or therapy for mental impairment.

The Court having reviewed the record finds that The ALJ did not err in discounting Plaintiff's subjective complaints. There is simply nothing in the record which would support them.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence

on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 12, 2009.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge